# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TAVARES S. JONES ] | |
|     Movant, ] | |
| ] | |
| v. ] | No. 3:08-0224 |
| ] | Judge Campbell |
| UNITED STATES OF AMERICA ] | |
|     Respondent. ] | |

## O R D E R

On March 16, 2006, the movant pled guilty to conspiracy to distribute and possession with intent to distribute 5 kilograms or more of cocaine. For this crime, he received a sentence of 300 months in prison, to be followed by ten years of supervised release. Tavares S. Jones v. United States of America, Crim. No.3:05-00140 (M.D. Tenn.)(Echols, J., presiding).

There was no direct appeal of the conviction and sentence taken. Instead, the movant initiated the instant action pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence. He claimed that the guilty plea and his sentence were invalid because he had been denied the effective assistance of counsel. Docket Entry No.1.

By an order (Docket Entry No.19) entered August 14, 2008, the Court found that the movant's guilty plea had been voluntarily entered and was not tainted by the ineffectiveness of counsel. The Court further found that the movant had received the correct sentence as reflected in the plea agreement he had entered into with the government. Accordingly, the movant was denied relief from his conviction and sentence. There was no appeal of that finding and this action has been closed since the entry of that order.

Presently before the Court is the movant's "Motion for an Independent Action in Equity" (Docket Entry No.22), brought pursuant to Rule 60(d), Fed. R. Civ. P. In the Motion, the movant claims that, but for counsel's ineffectiveness, "his sentence would be less." Docket Entry No.22 at pg.2.

When a Rule 60 motion attacks "the substance of the federal court's previous resolution of a claim on the merits", the Rule 60 motion is, in essence, a second or successive application for habeas corpus relief. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)[1]; Johnson v. Bell, 605 F.3d 333, 341 (6th Cir.2010). In this instance, the movant has already unsuccessfully challenged the effectiveness of counsel in a motion brought pursuant to 28 U.S.C. § 2255. His Rule 60(d) motion, therefore, is a second attempt to bring into question the legality of movant's conviction and sentence. As a consequence, the Court is inclined to construe the movant's Rule 60(d) motion as a second motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

Before a second or successive petition for habeas corpus relief may be adjudicated in the district court, the movant must file a motion in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2255(h). Clearly, the movant has not yet sought and obtained the authorization from the Sixth Circuit Court of Appeals needed for this Court to consider his current Motion. Therefore, transfer of this action to the Sixth Circuit Court of Appeals for further consideration would be appropriate. 28 U.S.C. § 1631; In re: Sims, 111 F.3d 45, 47 (6th Cir.1997).

The movant, however, has had no prior notice that the Court would construe his Motion as

---

[1] The Gonzalez decision considered only the extent to which Rule 60(b) applied to habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254 and its holding was explicitly limited to § 2254 cases. Gonzalez, *supra* at 545 U.S. 529, fn.3. Nevertheless, this decision is instructive as to when a post-conviction motion should be deemed a second or successive request for habeas corpus relief.

something other than a Rule 60(d) motion. Moreover, he has had no opportunity to respond to the possibility that his Motion would be transferred to another court for review. Accordingly, the movant is hereby GRANTED fourteen (14) days from the date of entry of this order on the docket in which to SHOW CAUSE why the "Motion for an Independent Action in Equity" should not be construed as a second or successive petition under 28 U.S.C. § 2255 and be transferred to the Sixth Circuit Court of Appeals for further consideration. Castro v. United States, 540 U.S. 375, 383 (2003).

It is so ORDERED.

*Todd Campbell*
Todd Campbell
United States District Judge